UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE STARLING,

        Plaintiff/Counter-Defendant,　　　　　Case No. 2:25-cv-12532

v.　　　　　　　　　　　　　　　　　　　　Honorable Susan K. DeClercq
　　　　　　　　　　　　　　　　　　　　　United States District Judge
AMERILODGE GROUP, LLC, et al.,

        Defendants/Counter-Plaintiffs.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF No. 31), STRIKING THE IMPROPERLY FILED AMENDED COMPLAINT (ECF No. 17), AND DISMISSING DEFENDANTS' MOTION TO DISMISS AS MOOT (ECF No. 10)**

On August 13, 2025, Plaintiff Stephanie Starling filed a Title VII employment action, alleging sexual harassment and discrimination against her employer, Amerilodge Group, LLC ("Amerilodge Group"), and its owner and chief executive officer, Asad Malik. ECF No. 1. On October 9, 2025, Malik filed a counterclaim against Starling, her attorney Jack W. Scultz, and the attorney's law firm Shultz Ghannam, PLLC, claiming defamation, false light, and intentional infliction of emotional distress (IIED). ECF No. 12.

In October 2025, Defendants moved to dismiss Starling's complaint, ECF No. 10, and Starling moved to dismiss the counter-complaint, ECF No. 15. In Defendants' motion, Defendants argued that the complaint must be dismissed

because she filed a grievance with the Equal Employment Opportunity Commission (EEOC) against Amerilodge Group, which was not Starling's actual employer at the time of her allegations; rather she was employed by a different entity, Amerilodge Hotels, LLC ("Amerilodge Hotels"). ECF No. 10 at PageID.57.

In response, Starling filed a new EEOC charge and moved for leave to file an amended complaint with the correct parties.[1] ECF No. 22 at PageID.487–88. In her amended complaint, she names Amerilodge Hotels and CAM Lodging LLC because these two entities were listed on Defendants' documentation in support of its claim that Amerilodge Hotels was Starling's employer. *Id.* at PageID.488 n. 2.

Under Civil Rule 15(a)(2), after 21 days have passed since a pleading was served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). When deciding a motion to amend, courts consider the following factors: "undue delay or bad faith in filing the motion, repeated failures to cure previously-identified deficiencies, futility of the proposed amendment, and lack of notice or undue prejudice to the opposing party." *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 930 F.3d 775, 786 (6th Cir. 2019).

---

[1] Previously, Starling simply filed an amended complaint without requesting leave. ECF No. 17. But she later recognized that this was a procedural error and properly brought this motion for leave to amend as well as moved to strike this improper filing. *See* ECF No. 22.

"[R]epeated failure to cure deficiencies by amendment despite an opportunity to do so constitutes a sufficient basis on which to deny a request for leave to amend." *Ogle v. Hocker*, No. 02-73200, 2004 WL 7340719 at *1 (E.D. Mich. Aug. 5, 2004). After consideration of these factors and reviewing Starling's complaints and briefs in support, this Court finds that granting leave to amend is appropriate and will grant the motion.

Specifically, this Court finds that the amendment comes at an early stage in the proceedings and does not appear futile as it appears that the claims in the amended complaint could survive a motion to dismiss. *See Halasz on behalf of H.H. v. Cass City Pub. Schs.*, 748 F. Supp. 3d 482, 493 – 94 (E.D. Mich. 2024) (stating that a proposed amended complaint is not futile if it shows a facially plausible claim). This Court also finds that there is no evidence of prejudice by granting the motion since the amended complaint contains the same claims and allegations as the initial complaint. *See Martin v. Trott Law, P.C.*, 198 F. Supp. 3d 794, 814 (E.D. Mich. 2016) (considering whether the amendment would prejudice the defendants by requiring them to "expend additional resources to defend against new claims" citing *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973)).

This Court also recognizes that Defendants filed a motion to dismiss. ECF No. 10. Because this Court will grant Starling's motion to amend her complaint, this renders Defendants' motion to dismiss her original complaint moot. To promote

judicial economy and "the just, speedy, and inexpensive determination" of the action, FED. R. CIV. P. 1, the Court will deny Defendants' motion to dismiss without prejudice and allow Defendants to answer or file a renewed motion to dismiss the second amended complaint once it is filed.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 22, and to Strike the improperly filed Amended Complaint, ECF No. 17, is **GRANTED**. Plaintiff may file a second amended complaint **on or before January 20, 2026**.

It is further **ORDERED** that Defendants' Motion to Dismiss, ECF No. 10, is **DENIED WITHOUT PREJUDICE AS MOOT.** Defendants may answer or move against the amended complaint **within 60 days** of its filing.

**This is not a final order and does not close the above-captioned case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: December 23, 2025